IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,827-01






EX PARTE CURTIS WAYNE HILL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 29,120 IN THE 66TH JUDICIAL DISTRICT COURT OF HILL
COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of theft, and punishment was assessed at five years' confinement, probated for
five years. No direct appeal was taken. 

 The original judgment and sentence in this cause were filed on October 2, 1989. On
September 14, 1994 the State filed a motion to revoke Applicant's probation, and on
December 30, 1996, Applicant's probation was revoked. Applicant was granted shock
probation on April 9, 1997, and his conditions of probation were amended twice, on June 3,
1997 and on March 15, 1999. On April 1, 2002, Applicant's probation was revoked a second
time, and he was sentenced to five years' imprisonment, with 242 days of time credit. 

 Applicant contends that he is being improperly denied credit for various periods of
incarceration, and that he should have served all but two months of his five-year sentence.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from TDCJ, or it may order a hearing. In the appropriate case
the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact, 
first as to whether Applicant has exhausted his administrative remedies by submitting his
claim to the time credit resolution system of TDCJ, and if not, whether Applicant falls under
one of the exceptions to the exhaustion requirement as described in Texas Government Code
Section 501.0081(c). The trial court shall then make findings as to how much credit
Applicant is currently receiving according to TDCJ records, and as to whether Applicant is
receiving all the credit to which he is entitled. The trial court shall make findings as to how
much time Applicant has remaining on his five-year sentence. The court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 25th DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.